**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHAMBLEE LABELL GARCES-WIGFALL,
Personal Representative Under the
New Mexico Wrongful Death Act for
Robert Lee Carroll, Deceased, and as
Mother and next of friend for her
Two minor children: Raheem King Garces,
And Ro'Miyah Lee Carroll, CORETHA DAVENPORT,
BEVERLY CARROLL, individually,
ASHLEY CARROLL, individually,
and JERRY CARROLL, individually
                                        Plaintiffs,

vs.

THE Mc KINLEY COUNTY BOARD OF
COUNTY COMMISSIONERS, a political
Sub-division of the State of New Mexico,
Mc KINLEY COUNTY SHERIFF'S OFFICE,
RONALD SILVERSMITH, Mc KINLEY COUNTY
SHERIFF, individually, DWAYNE HOLDER, individually,
SHANE BENNETT, individually, and
TERENCE WILLIE, individually,

**COMPLAINT FOR ASSAULT, BATTERY, AND NEGLIGENT TRAINING AND**
**SUPERVISION RESULTIN IN THE WRONGFUL DEATH OF ROBERT LEE CARROLL**

I.INTRODUCTION

COMES NOW, Plaintiffs by and through their undersigned attorney Eric D.

Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, and for their

claims states:

1

1.On the evening of Wednesday, May 18th, 2022, in the open desert outside of the port of entry near Gallup, New Mexico on Interstate 40, mile marker 13, Mc Kinley County, Sheriff's Deputy (who was under the influence of alcohol), shot his taser eighteen times into thirty-nine- year- old Robert Lee Carroll (who was on the ground), killing him. The officer knew that Mr. Carroll was not a threat to him or anyone else. At no time before he was tasered to death did Robert Carroll threaten sheriff's deputies, raise a weapon at sheriff's deputies, have a weapon on him, advance on sheriff's deputies, or act aggressively towards sheriff's deputies. Mr. Carroll repeatedly told the Sheriff's Deputy Holder he did not want any problems and raised his hands in the air. Mr. Carroll was driving his vehicle from his home in Kansas City, Missouri, to visit friends in Phoenix, Arizona. Mr. Carroll was not a suspect involved in any crime and did not commit any crime. Mr. Carroll unfamiliar with the area became confused and disoriented while parked at a rest stop near the port of entry on Interstate 40 near mile marker 13.

2.The violent and abhorrent killing of Robert Carroll was wholly unjustified and constituted excessive force, assault, battery, and homicide.

3. The death of Robert Carroll never should have occurred and would not have occurred by for a complete lack of officer supervision, lack of appropriate police training, and the lack of appropriate planning during the events leading up to the

tasing of Robert Carroll. The violent killing of Robert Carroll also never would have

happened but for the negligent training of the officer who tazed him. Plaintiff, the

Personal Representative of the Estate of Robert Carroll and the mother of his two

young children (a five- year- old boy and a nine- month- old infant girl), now

brings this lawsuit for damages resulting from this horrific event perpetrated by

those who are supposed to serve and protect all members of their community,

including Mr. Carroll. This action is brought to ensure that justice is served such

that no other families must endure the pain and loss of losing a loved one at the

hands of overzealous, poorly trained, and unsupervised police. Plaintiff Beverly

Carroll is the mother of Robert Lee Carroll. Plaintiff Coretha Davenport is the

sister of Robert Lee Carroll. Plaintiff Ashley Carroll is the sister of Robert Lee

Carroll, and Jerry Carroll is the brother of Robert Lee Carroll.

## II. PARTIES

4. Defendant the Mc Kinley Board of County Commissioners is a political sub-

division of the State of New Mexico.

5. The Mc Kinley County Sheriff's Office is a law enforcement agency funded

through and over-seen by the Mc Kinley Board of County Commissioners.

6. Defendant Robert Silversmith at all times material to this law-suit was the Mc

Kinley County Sheriff. Defendant Robert Silversmith was responsible for

3

supervising and/or training the officers and employees of the Mc Kinley County Sheriff's Department who participated in the events leading to the tazing and murder of Robert Carroll.

7. Defendants Mc Kinley County Sheriff's Deputies Dwayne Holder, Shane Bennett, and Terence Willie are employees of the Mc Kinley County Sheriff's Department who participated in the events and circumstances leading to the unjustified tasing, kneeing Mr. Carroll in the back, hand-cuffing and killing of Robert Carroll.

8. Plaintiff Chamblee LaBell Garces-Wigfall, is the Personal Representative Under the New Mexico Wrongful Death Act and the mother of Mr. Carroll's two small children  Raheem King Garces, and Ro-Miyaah Lee Carroll and they are residents of Minneapolis, Minnesota.

9. Coretha Davenport is the sister of Robert Lee Carroll and is a resident of  Coon Rapids, Minnesota.

10.Beverly Carroll is the mother of Robert Lee Carroll and is a resident of Richfield, Minnesota.

11. Ashley Carroll is the sister of Robert Lee Carroll, deceased and is a resident of Richfield, Minnesota.

12. Jerry Carroll is the brother of Robert Lee Carroll, deceased and is a resident of Bryansville, Minnesota.

13. Robert Lee Carroll is the married father of four (one adult and three minors) other children, to wit: Ra'Chelle Carroll (adult), Robin Carroll, Robert Carroll Jr. and Robbie Carroll.

14. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

15. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

16. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, and employee and/or in concert with each of said other Defendants herein.

III. JURISDICTION AND VENUE

17. Plaintiffs brings this complaint pursuant to the New Mexico Torts Claim Act, NMSA 1978, §§41-4-1 et seq, the New Mexico Wrongful Death Act, §41-2-1, et seq., the New Mexico Civil Rights Act, §41-4A-1 et seq., and 42 U.S.C. 1983

18. The Estate of Robert Lee Carroll pursuant to NMSA 1978 §41-4-16, and §41-4A-13 properly and timely gave written notice of impending litigation to the Mc

Kinley County Board of County Commissioners, and the Mc Kinley County Sheriff and all other necessary Defendants.

19. This Court has jurisdiction over this action.

20. Venue is proper pursuant to 28 U.S.C. § 1331. Personal jurisdiction is proper because all Defendants reside, are employed or have significant contacts in the District of New Mexico. Additionally, Defendants actions that give rise to Plaintiff's claims took place within the District of New Mexico. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1367 for Plaintiff's claims brought under NMSA 1978 § 41-4-1 et seq. of the New Mexico Tort Claims Act.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

21. On or about May 18th, 2022, a semi-truck driver parked in a rest area on the West side of Interstate-40, near the Arizona-New Mexico port of entry called the police to report a man "acting strange."

22. Defendant Deputy Dwayne Holder of the Mc Kinley County Sheriff's Office responded to the scene near mile marker 13 and made contact with Mr. Carroll who was outside of his vehicle.

23. Defendant Deputy Dwayne Holder had consumed at least one and a half shots of bourbon before going on duty in violation of the Mc Kinley County Sheriff Department's own rules and regulations.

6

24. Rather than initiating a tactical plan or strategy to approach Mr. Carroll in a manner that would ensure the safety of both the Defendant Holder and Mr. Carroll, he simply rush towards Mr. Carroll shouting commands and at one point an obscenity.

25. Defendant Holder was aware that Mr. Carroll was non-aggressive, non-threating, confused and disoriented individual. In fact, Mr. Carroll raised his hands in the air and told Defendant Holder he did not want any problems.

26. Throughout his entire interaction with the Sheriff's Deputies, Mr. Carroll was non-threatening, and did not make any statements or take any actions that would demonstrate that he presented an immediate risk of danger to the officer who repeatedly tazed him unnecessarily.

27. Mr. Carroll was first seen by Defendant Holder in the truck parking lot by the port of entry on 1-40 near mile marker 13. Mr. Carroll was speaking to individuals parked in a parked semi-truck and  not breaking any laws.

28. Defendant Holder then confronted Mr. Carroll. Mr. Carroll told Defendant Holder that he was leaving and started walking towards the interstate in the vicinity of where his vehicle was parked. It was dark, and Mr. Carroll was not familiar with the area and had been travelling by vehicle all that day and so he was tired, confused and disoriented.

7

29. As Mr. Carroll walked he put his hands in his pocket. Defendant Holder told him to take his hands out of his pockets. Mr. Carroll complied.

30. Defendant Holder then asked Mr. Carroll to walk to the front of his police vehicle. However, Mr. Carroll started walking toward the back of the police vehicle.

31. Mr. Carroll placed his hands in the air when confronted by Defendant Holder and said he did not want any problems.

32. Mr. Carroll became increasingly concerned and confused as to why Defendant Holder wanted to speak to him when he was not violating any law. Mr. Carroll started to walk at a rapid pace, and fell over. Defendant Holder then attempted to arrest Mr. Carroll by placing a handcuff on Mr. Carroll's right hand while screaming at Mr. Carroll to put your hands behind your back.

33. Defendant Holder then started firing his tazer at Mr. Carroll approximately eighteen times while Mr. Carroll was on the ground including "drive stuns" in order to cause Mr. Carroll needless excruciating pain.

34. Defendant Sergeant Shane Bennett arrived on the scene. Defendant Bennett saw that Defendant Holder was not giving any commands, but once Defendant Bennett arrived and started to give commands Defendant Holder did as well. Defendant Bennett told Defendant Holder to "tase him again." Defendant Holder

then tazed Mr. Carroll needlessly once more. Defendant Bennett felt a tingle

through his hands while he was trying to handcuff Mr. Carroll and he assumed it

was from the Taser wires. Defendant Bennett then put his knee on Mr. Carroll's

back. Defendant Bennett got Mr. Carroll's left arm with the assistance of

Defendant McKinely County Sheriff's Deputy Terence Willie and pulled Mr.

Carroll's arm behind Mr. Carroll's back while Defendant Holder also put a knee

into Mr. Carroll's back along with Defendant Bennett. The combined weight of

Defendant Officers' bodies of Mr. Carroll made it difficult for him to breathe and

placed his cardiovascular system in extreme distress. Defendant Willie did not feel

any resistance when he grabbed Mr. Carroll's hand.

35. After being kneed in the back, tased multiple times and hand-cuffed, Mr.

Carroll stopped breathing. CPR was attempted while Mr. Carroll's hands were still

hand-cuffed but the CPR was useless. An ambulance was called, and Mr. Carroll

was pronounced dead at the Hospital.

36. An autopsy was performed on Mr. Carroll by the Office of Medical Examiner

who determined that the manner of death was homicide.

37. The Defendant Mc Kinley County, the Mc Kinley County Sheriff owed a duty to

the public including the Estate of Robert Carroll and the family of Robert Carroll to

adequately train and supervise their law enforcement officers, including the

individual Defendants Holder, Bennett and Willie, to among other things: a)

properly interact with the public; b) use appropriate law enforcement techniques

to prevent injury and death to members of the public; c) perform safe and

effective searches; d) use effective and reasonable tactical plans and strategies to

prevent situations where deadly force is used by officers; e) ensure law

enforcement officers can respond and appropriately address situations involving

individuals who are disoriented without resorting to unreasonable and excessive

force; f) utilize de-escalation techniques. The Defendant Mc Kinley and Silversmith

breached these duties above by failing to adequately train and supervise

Defendants Holder, Bennett and Willie to ensure, among other things that they:

a) took command of the scene; b) utilized a tactical plan to provide guidance to

other law enforcement officers; c) made certain all law enforcement officers at

the scene and involved in the matter to use the proper law enforcement

techniques to prevent serious injury and harm to members of the public they

encountered including Robert Carroll; d) utilized and made certain law

enforcement officers utilized de-escalation techniques.

38. Plaintiffs are informed and believe and thereon alleged that the McKinley

County Board of County Commissioners, and the McKinley County Sheriff's Office,

breached their duty of care to the public in that they have failed to discipline

Defendants Holder, Bennett, and Willie for their respective misconduct and

involvement in the incident described herein. Their failure to discipline

Defendants Holder, Bennett, and Willie demonstrates the existence of an

entrenched culture, policy or practice of promoting, tolerating and/or ratifying

with deliberate indifference the making of improper detentions and arrests, the

use of excessive and/or deadly force and the fabrication of official reports to

cover up Defendants Holder, Bennett, and Willie's misconduct.

39. Plaintiffs are informed and believe and thereon allege that members of the

McKinley County Sheriff's Office, including but not limited to Defendants Holder,

Bennett, and Willie and/or each of them, have individually and/or while acting in

concert with one another, engaged in a repeated pattern and practice of making

improper detentions and/or false arrests using excessive, arbitrary and/or

unreasonable force against individuals, including, but not limited to Robert Carroll

deceased.

40. Plaintiffs are further informed and believe and thereon alleges that as a

matter of official policy rooted in an entrenched posture of deliberate

indifference to the constitutional rights of primarily minority citizens defendant

McKinley County Sheriff's Office has long allowed citizens, such as the decedent,

to be abused by its police officers, including by Defendants Holder, Bennett, and

Willie and/or each of them, individually and/or while acting in concert with one another.

41. As a result of the pre-existing customs, policies, pattern and/or practices of such abuses by members of Defendant Mc Kinley County Sheriff's Office, decedent and Plaintiffs were subjected to the violation of their constitutional rights as alleged herein.

V. FEDERAL CAUSES OF ACTION

**COUNT I- UNLAWFUL ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS Mc Kinley COUNTY, DWAYNE HOLDER, SHANE BENNETT AND TERENCE WILLIE**

42. The allegations contained above and below are incorporated by reference herein as if set forth in full.

43. Defendants  Mc Kinley County, Holder, Bennett, and Willie in arresting Mr. Carroll without probable cause were objectively unreasonable, intentional, willful, wanton, and in reckless disregard of Mr. Carroll's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

44. The unlawful detention of Mr. Carroll by Defendants proximately caused him damages and injuries. These damages include physical injuries, physical pain and suffering, psychological and emotional distress.

## COUNT II-EXCESSIVE USE OF FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS COUNTY OF McKinely, HOLDER, BENNETT AND WILLIE

45. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

46. Defendants McKinley County, Holder, Bennett and Willie, used excessive physical force on Mr. Carroll on May 18th, 2022.

47. The use of force by Defendants against Mr. Carroll was excessive and objectively unreasonable under the circumstances.

48. The actions of Defendants were intentional, willful, wanton, and in reckless disregard of Mr. Carroll's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT III-CLAIMS OF SUPERVISORY AND COUNTY LIABILITY UNDER 42 U.S.C. §1983 AGAINST THE BOARD OF COUNTY COMMISSIONERS OF Mc KINELY COUNTY AND Mc KINLEY COUNTY SHERIFF ROBERT SILVERSMITH

49. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

50. The need to train and supervise Mc Kinley County Sheriff's Deputies in the use of force to reduce the pervasive and unreasonable risk of grave constitutional injury is obvious.

13

51. Inadequate training and supervision of Mc Kinley County Sheriff's Deputies in the use of force was so likely to result in grave constitutional injury to citizens that the failure of Defendant Silversmith and other supervisory officers to provide adequate training and supervision in this area constituted a deliberate indifference to and acquiescence in such injury.

52. Allowing Defendant Holder to violate policy regarding drinking alcohol before his shift was reckless, and inadequate training and supervision constituting a deliberate indifference to and acquiescence in injury to the public including Mr. Carroll.

53. The deliberate indifference of Defendant Mc Kinley and Silversmith and other supervisors as set forth above amounted to a custom, practice, or policy of Defendant Mc Kinley County, that was a moving force behind the use of excessive force by Defendants Holder, Bennett and Willie against Mr. Carroll as set forth above. Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant Mc Kinley County Sheriff's Office tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Robert Lee Carroll, deceased.

54. Plaintiffs are informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by the Defendant Mc Kinley County Sheriff's Office, to the repeated violations of the constitutional rights of citizens by the Mc Kinley County Sheriff's office deputies, which have included, but are not limited to repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy.

55. Plaintiffs are further informed and believe and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendant McKinley County Sheriff's Office to the repeated violations of the constitutional rights of citizens by the McKinley County Sheriff's Office deputies, which have included, but are not limited to using excessive and/or unlawful deadly force on a repeated basis.

56. Plaintiffs are further informed and believe and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the

failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent violations of the rights of citizens.

57. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers in making detentions, arrests and/or using force against mentally impaired and/or emotionally disturbed ersons.

58. The aforementioned deliberate indifference, customs, polilcies, or practices of Defendant McKinley County Sheriff's Office resulted in the deprivation of the constitutional rights of Decedent and Plaintiffs, including, but not limited to, the following:

a. the right not to be deprived of life, liberty or property without Due Process of Law;

b.the right to be free from unreasonable searches and/or seizures; and/or,

c.the right to equal protection of the law;

d. the right to familial relationships

e. the right to enjoy civil and statutory rights.

59. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

60. As a result of the violation of their constitutional rights by the Defendant McKinley County Sheriff's Department, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

## COUNT IV-ASSAULT AND BATTERY RESULTING IN WRONGFUL DEATH PURSUANT 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

61. The allegations contained above and below are incorporated herein by reference as if set forth in full.

62. By reason of Defendants Holder Bennett and Willie's wrongful conduct in the killing of Mr. Carroll without the threat of imminent death or serious bodily harm, all Defendants are liable for damages.

63. Defendants Holder, Bennett and Willie's negligent, willful and wanton conduct that cause Mr. Carroll's death was a producing cause of Mr. Carroll's injury, which resulted in the following damages: loss of a family relationship, love, support, services, emotional pain and suffering, and for their acts and infliction of emotional distress caused by the wrongful killing of Mr. Carroll.

64. Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled damages.

## COUNT V-SURVIVAL ACTION: VIOLATION OF DECEDENT'S CIVIL RIGHTS PURSUANT TO 42U.S.C.§1983

65. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

66. Robert Lee Carroll was forced to endure great conscious pain and suffering because of Defendants' conduct before his death.

67. Robert Lee Carroll did not file a legal action before his death.

68. Plaintiff Chamblee Labell Garces-Wigfall as Personal Representative of the Estate of Robert Lee Carroll claims damages for the conscious pain and suffering incurred by Robert Lee Carroll as provided for under 42 U.S.C. §1983.

## COUNT VI-VIOLATON OF PLAINTIFFS CIVIL RIGHTS TO FAMILIAL RELATIONSHIP PURSUANT TO 42 U.S.C. §1983

69. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

70. Defendants acting under color of state law, and without due process of law deprived Plaintiffs of their right to a familial relationship by seizing Robert Lee Carroll by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Robert Lee Carroll's death, all without provocation and attempted to conceal their excessive use of force and hide the true cause of Robert Lee Carroll's death to deprive Plaintiffs of their right to seek redress, all in

18

violation of the rights, privileges and immunities secured by the Fourteenth

Amendment to the United States Constitution.

## COUNT VII-WRONGFUL DEATH PURSUANT TO 42 U.S.C. §1983

71. The allegations contained above and below are incorporated herein by

reference as if set forth in full herein.

72. Defendants acting under color of law by killing Robert Lee Carroll without

lawful justification and subjected Robert Lee Carroll to excessive force thereby

depriving Plaintiffs and Robert Lee Carroll of certain constitutionally protected

rights, including, but not limited to:

a. the right to be free from unreasonable searches and seizures, as guaranteed by

the Fourth and Fourteenth Amendments to the United States Constitution;

b. the right not to be deprived of life or liberty without due process of law, as

guaranteed by the Fourteenth Amendments to the United States Constitution;

c. the right to be free from the use of excessive force by police officers, which is

guaranteed by the Fourth and Fourteenth Amendments to the United States

Constitution.

VI. STATE CAUSES OF ACTION

**COUNT VIII-ASSAULT AND BATTERY RESULTING IN WRONGFUL DEATH AGAINST McKINLEY COUNTY BOARD OF COUNTY COMMISSIONERS UNDER THE NEW MEXICO TORT CLAIMS ACT**

73. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

74. Defendants Holder, Bennett and Willie held down, kneed and hand-cuffed resulting in Robert Carroll's death as he laid helplessly on the ground.

75. The actions taken by these Mc Kinley County Sheriff's Deputies were not objectively reasonable in light of the circumstances confronting them.

76. Mr. Carroll had not committed a crime prior to being tazed, kneed and hand-cuffed.

77. Mr. Carroll posed no immediate threat to law enforcement officers. Prior to being tazed to death, Mr. Carroll did not aim a weapon at the officers, did not threaten officers in any manner, and did not advance upon officers.

78. The McKinley County Sheriff's Deputies own reckless, deliberate, and aggressive conduct led to the use of deadly force and the death of Mr. Carroll.

79. The killing of Mr. Carroll by these McKinley County Sheriff's Deputies was unjustified, unlawful, and constituted excessive force under the circumstances.

80. The tasing, kneeing, and hand-cuffing of Mr. Carroll constituted assault,

battery, false arrest, and homicide, and Defendants immunity for these actions

has been waived pursuant to the New Mexico Tort Claims Act.

81. The assault, battery, false arrest resulted in substantial damages to the Estate

of Mr. Carroll and to the individual Plaintiffs in this case.

## COUNT IX-VIOLATION OF THE NEW MEXICO CIVIL RIGHTS ACT AGAINST THE Mc KINLEY COUNTY BOARD OF COUNTY COMMISSIONERS FOR ASSAULT, BATTERY, WRONGFUL ARREST AND WRONGFUL DEATH

82. The allegations contained above and below are incorporated herein by

reference as if set forth in full.

83.  Defendant deprived Mr. Carroll of due process, equal protection, liberty, and

his rights, privileges and immunities secured pursuant to the bill of rights of the

constitution of New Mexico.

84. Plaintiff has given proper notice to Defendant pursuant to §41-4A-13 of the

New Mexico Civil Rights Act.

85. Defendant was acting on behalf of, under color of or within the course and

scope of the authority of a public body.

86. Plaintiffs have suffered actual damages including punitive damages.

VII -DAMAGES

87. As a consequence of Defendants violations of Plaintiffs federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Robert Lee Carroll's wrongful death, including but not limited to: Plaintiffs loss of familial relations, Robert Lee Carroll's society, comfort, protection, companionship, love, affection, solace, and moral support.

88. The Estate of Robert Carroll has suffered significant damages as a result of the actions and/or inactions of Defendants, as described in the preceding paragraphs of this Complaint. The Estate, through its Personal Representative, is entitled to recover for, among other things:

a. Funeral and burial related expenses;

b. Conscious pain and suffering of Robert Carroll;

c. Loss of the value of Robert Carroll's life;

d. Loss of enjoyment of family and social life;

e. Damages for the mitigating or aggravating circumstances attending the wrongful acts and negligence which resulted in the death of Robert Carroll;

f. The loss of guidance and counseling to Robert Carroll's minor children; and

g. All other losses to the beneficiaries of the estate having monetary value.

89. The individual Plaintiffs and family members of Robert Carroll have also suffered damages in the form of loss of consortium and other injuries stemming from the unlawful taking of their loved one's life. Each of these individuals enjoyed a close and loving relationship with the decedent and shared a mutually dependent relationship with him.

90. The Estate of Robert Carroll and his family members are also entitled to recover punitive damages from the individual Mc Kinley County Sheriff's Deputies as their actions were egregious, reprehensible, and taken with utter and reckless disregard for the safety and well-being of Robert Carroll and with utter and reckless disregard for his right to live and to be free from unjustified and excessive force.

91. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Robert Lee Carroll, and Plaintiffs rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event they are the prevailing party in this action under 42U.S.C. §§§1983, 1985-86, 1988 and the New Mexico Civil Rights Act.

WHEREFORE, Plaintiffs requests that the Court, after a trial by jury, award Plaintiffs:

A. Damages in an amount to be proved at trial;

B. Punitive damages as allowed by law;

C. Plaintiff's attorney fees as allowed by law;

D. Costs incurred as allowed by law;

E. Pre-and post- judgment interest as allowed by law;

F. And for such further and additional relief as the Court deems just and proper

## VII. JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable pursuant to the

Seventh Amendment to the United States Constitution.

Respectfully Submitted:

/s/ Eric D. Dixon

_____

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
(575) 356-4946
e-mail: eric@ericdixonlaw.net