**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FELIZ RAEL,[1] in her capacity as
the Personal Representative for the
Estate of Robert Lee Carroll, et al.,

    Plaintiffs,

v.

                                              Case 1:22-cv-00703-MIS-JFR

THE McKINLEY COUNTY BOARD
OF COUNTY COMMISSIONERS, et al.,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY ALL
PROCEEDINGS PENDING RESOLUTION OF QUALIFIED IMMUNITY MOTION
AND MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Defendants' Motion to Stay All Proceedings Pending Resolution of Qualified Immunity Motion and Motion for Protective Order, ECF No. 82, filed September 18, 2023. Plaintiffs filed a Response on October 9, 2023, ECF No. 86, to which Defendants filed a Reply on October 23, 2023, ECF No. 92. Upon due consideration of the Parties' submissions, the record, and the relevant law, the Motion is **GRANTED IN PART AND DENIED IN PART**.

    **I.**        **Background**

This case arises out of the death of Robert Lee Carroll during an encounter with McKinley County Sheriff's Office Deputies Dewayne Holder, Shane Bennett, and Terence Willie. ECF No. 40 at 2. The Amended Complaint alleges that Mr. Carroll died after the Deputies tased him eighteen (18) times. Id. ¶¶ 87-186.

---

[1] On January 4, 2023, U.S. Magistrate Judge John F. Robbenhaar issued an order substituting Feliz Rael in place of Chamblee Garces-Wigfall as the Personal Representative of the Estate of Robert Lee Carroll. ECF No. 30.

On March 1, 2023, Plaintiffs filed an Amended Complaint in which they asserted five claims under 42 U.S.C. § 1983 and six claims under New Mexico state law. See id. ¶¶ 235-330. With respect to the Section 1983 claims, the Amended Complaint alleges that Deputies Holder, Bennett, and Willie are liable in their individual capacities; the McKinley County Board of County Commissioners ("the County") and the McKinley County Sheriff's Office are liable under the legal doctrine of municipal liability; and McKinley County Sheriff Ronald Silversmith is liable pursuant to supervisory liability. Id. ¶¶ 7, 235-80.

On March 13, 2023, Sheriff Silversmith and the McKinley County Sheriffs' Office filed a Motion to Dismiss and for Qualified Immunity. ECF No. 41. The same day, all Defendants filed a Motion to Stay all Proceedings Pending Resolution of Qualified Immunity Motion and Motion for Protective Order ("First Motion to Stay"). ECF No. 42. Therein, Defendants argued that a global stay was justified because Sheriff Silversmith had asserted a qualified immunity defense in the Motion to Dismiss. Id. at 2-4.

On March 15, 2023, the County and Deputies Bennett, Holder and Willie filed an Answer to the Amended Complaint. ECF No. 43.

On May 9, 2023, the Court issued an Order granting in part and denying in part the Motion to Stay. ECF No. 54. The Court observed that Deputies Holder, Bennett, and Willie had not, to that point in the proceedings, raised a qualified immunity defense, and therefore barring discovery relating to their actions "that do not overlap with the allegations against Defendant Silversmith would be overly expansive." Id. at 5. The Court further noted that the Amended Complaint asserts state law claims not subject to a qualified immunity defense. Id. Thus, the Court denied the request for a global stay, and tailored a stay of discovery limited to Sheriff Silversmith's alleged

involvement in the events giving rise to Count III of the Amended Complaint, which alleges a supervisory liability claim under Section 1983.  Id. at 6.

On July 17, 2023, the Court issued an Order granting Sheriff Silversmith and the McKinley County Sheriffs' Office's Motion to Dismiss.  ECF No. 67.

On September 18, 2023, Deputies Holder, Bennett, and Willie filed a Motion for Partial Judgment on the Pleadings on the Basis of Qualified Immunity.  ECF No. 81.  Therein, they seek dismissal of the federal claims asserted against them in the Amended Complaint on the grounds that they are entitled to qualified immunity.  Id.

Also on September 18, 2023, all of the remaining Defendants filed the instant Motion to Stay All Proceedings Pending Resolution of Qualified Immunity and Motion for Protective Order.  ECF No. 82.  Plaintiffs filed a Response, ECF No. 86, to which Defendants filed a Reply, ECF No. 92.

**II.     Legal Standard**

The doctrine of qualified immunity protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Pearson v. Callahan, 555 U.S. 223, 231 (2009).  Consequently, qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," including broad-ranging discovery.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Decisions on whether to stay discovery rest within the sound discretion of the trial court.  See Landis v. N. Am. Co., 299

U.S. 248, 254–55 (1936); Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1386 (10th Cir. 1994). Although the Supreme Court recognizes that a well-supported claim of qualified immunity should shield a defendant from "unnecessary and burdensome discovery," invocation of the defense is not "immunity from all discovery." Crawford-El v. Britton, 523 U.S. 574, 593 n.14, 598 (1998). Indeed, the "right to immunity is a right to immunity from certain claims, not from litigation in general . . . ." Behrens v. Pelletier, 516 U.S. 299, 312 (1996). For instance, municipalities are not entitled to qualified immunity, Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000), and, thus, are not entitled to a stay of discovery, Rome v. Romero, 225 F.R.D. 640, 644 (D. Colo. 2004).

### III.    Discussion

Defendants move for a global stay of all discovery pending the Court's ruling on Deputies Holder, Bennett, and Willie's Motion for Partial Judgment on the Pleadings on the Basis of Qualified Immunity. ECF No. 82 at 2. They argue that because qualified immunity is intended to shield government officials from both trial and the burdens of pretrial discovery, the "standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." Id. at 3 (quoting Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992), and citing Herrera v. Santa Fe Pub. Schs., No. CIV 11–0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012)). See also id. at 4 (citing Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009)). They argue that the instant Motion to Stay is distinguishable from the Motion to Stay filed concurrently with Sheriff Silversmith's Motion to Dismiss (i.e., the First Motion to Stay) because "qualified immunity is now being raised by all remaining individual defendants." Id. They argue that although the County "is not entitled to raise qualified immunity, the sole federal claim against the [County] (for Monell liability) necessarily relies on a finding of a constitutional violation concerning the underlying action, the very basis of the individual defendants' motion."

Id.  They further argue that a global stay is proper because "each of the state law claims . . . is based on the same actions at issue in the individual defendants' qualified immunity motions, such that it is not possible to have discovery on one without automatically implicating the same subjects for which discovery should be stayed pending resolution of the immunity motions."  Id.  They argue that Plaintiffs will not be prejudiced by a global stay because they are in possession of video footage of the incident captured by Deputy Holder's lapel camera.  Id. at 2, 5.

Plaintiffs argue that stays pending adjudication of motions to dismiss are disfavored and the party seeking a stay "must make a strong showing of necessity because the relief would severely affect the rights of others."  ECF No. 86 at 4 (quoting Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).  They argue that Defendants' reliance on the "routine" practice of staying discovery where qualified immunity has been asserted falls short of meeting their burden.  Id.  They argue that when determining whether to stay discovery to protect a party from undue burden or expense under Rule 26(c), courts analyze the following factors: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  Id. at 4-5 (citing Silver v. City of Albuquerque, CIV No. 22-400 MIS/GBW, 2022 WL 9348637, at *1 (D.N.M. Oct. 14, 2022); String Cheese Incident, LLC v. Stylus Shows, Inc., No. 1:02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).  They argue that the Court should apply these factors, id., and that balancing these factors warrants denial of a stay, id. at 5-8.  Finally, Plaintiffs argue that if the Court stays discovery, the Court should allow for discovery tailored to the question of qualified immunity.  Id. at 8-9 (citing Cole v.

5

Ruidoso Mun. Schs., 43 F.3d 1373, 1387 (10th Cir. 1994); Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989)).

In their Reply, Defendants argue that the Court should adhere to the standard practice in this District and stay discovery pending resolution of the qualified immunity issue. ECF No. 92 at 1-2. They maintain that "the current situation differs materially from that in either" the First Motion to Stay in this case—where only two of the six Defendants filed a motion to dismiss, and only one of those Defendants asserted qualified immunity—or the motion to stay at issue in Cruz v. City of Deming, __ F. Supp. 3d __, 2023 WL 5319254 (D.N.M. 2023)—where only two of the thirteen named defendants moved for a stay, and only one of those defendants asserted qualified immunity. Id. at 2-3. They argue that the constitutionality of Deputies Holder, Bennett, and Willie's actions are now before the Court in the Motion for Partial Judgment on the Pleadings, and "each of the acts by the remaining individual defendants are tied together, making a tailored stay impossible." Id. at 3. They reiterate that although the County "cannot raise a claim of qualified immunity, the municipal liability claims against the [County] cannot survive in the event of a finding that the individual defendants did not act in an unconstitutional manner." Id. And in the event the Court finds that the Deputies are entitled to qualified immunity as to the federal claims, the municipal liability claim must necessarily fail, all federal claims would be dismissed, and the Court would lack supplemental jurisdiction over the remaining state law claims. Id. at 4. Under these circumstances, Defendants assert that a stay of all discovery is warranted. Id.

Initially, for the reasons articulated by this Court in Cruz, the Court is not persuaded to adopt the "standard practice" in the District of New Mexico to stay all discovery against all defendants when a qualified immunity defense has been raised. __ F. Supp. 3d. __, 2023 WL 5319254, at *3-9. "This is partly because qualified immunity, as a defense, is limited to particular

claims against particular individuals.  As such, 'the corresponding protection against burdensome discovery is also limited.'"  Id. at *9 (quoting Rome, 225 F.R.D. at 643).

> First, the "defense is available only to individual government officials, not governmental entities."[2]  Id. (citing Owen v. City of Independence, 445 U.S. 622, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980)).  Further, "it is applicable only against claims for monetary damages, and has no application to claims for declaratory or injunctive relief."  Id. (citing Meiners v. University of Kansas, 359 F.3d 1222, 1233 n. 3 (10th Cir. 2004)).  "Finally, the doctrine is applicable only to claims against officers in their individual capacities; official-capacity claims, being the equivalent of a claim against an entity, are not subject to qualified immunity."  Id. (citing Meiners, 359 F.3d at 1233 n. 3).  In sum, qualified immunity is only available to local, state, or federal officials sued in their individual capacities for monetary damages under Section 1983.  That is, it is government officials themselves who benefit, meaning that the equities of staying discovery in any given case depend on who is in the case and what claims have been brought.

Id. (footnote in original).

Here, the Court finds that a global stay of all discovery as to all claims against all Defendants is overbroad and improper.  See Behrens, 516 U.S. at 312 (observing that the "right to immunity is a right to immunity from certain claims, not from litigation in general . . . .").  Initially, the Court finds that because governmental entities are not entitled to qualified immunity, Seamons, 206 F.3d at 1029, a stay of discovery as to the claims against the County is improper.  Cruz, __ F. Supp. 3d __, 2023 WL 5319254, at *9; Rome, 225 F.R.D. at 643-44.  See also Estate of Saenz v. Bitterman, Civil Action No. 20-cv-00848-NRN, 2020 WL 6870565, at *2 (D. Colo. May 15, 2020) (finding that because the county defendant could not assert qualified immunity defense, "it is not entitled to a stay of discovery on the claims against it").

The Court further finds that because qualified immunity is only available to government officials sued in their individual capacities for monetary damages under Section 1983, a stay of

---

[2] A claim against a government entity is commonly referred to as a Monell claim after Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

discovery as to Plaintiffs' state law claims is improper. Cruz, __ F. Supp. 3d __, 2023 WL 5319254, at *9; Bitterman, 2020 WL 6870565, at *2 (finding that individual defendant asserting qualified immunity defense was not entitled to stay of discovery as to the plaintiff's state law tort claims).

However, the Court will grant the Motion in part and stay discovery as to the claims for monetary damages under Section 1983—Counts I, II, IV, and V—to the extent they are asserted against Deputies Holder, Bennett, and Willie in their individual capacities. See Cruz v. City of Deming, No. 2:22-cv-00957-MIS-GJF, 2023 WL 4677058, at *2-3 (D.N.M. June 20, 2023).

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Defendants' Motion to Stay All Proceedings Pending Resolution of Qualified Immunity Motion and Motion for Protective Order, ECF No. 82, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order;

2. Discovery related to Deputies Holder, Bennett, and Willie's alleged actions giving rise to Counts I, II, IV, and V is **STAYED**; and

3. All other discovery is permitted to proceed.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE