IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FELIZ RAEL, Personal Representative**
**Under the New Mexico Wrongful Death Act**
**for the Estate of Robert Lee Carroll;**
**CHAMBLEE LABELL GARCES-WIGFALL,**
as Mother and Next of Friend for her Two Minor
Children Raheem King Garces and Ro'Miyah
Lee Carroll; **CORETHA DAVENPORT;**
**BEVERLY CARROLL, Individually;**
**ASHLEY CARROLL, Individually;**
**and JERRY CARROLL, Individually,**

      Plaintiffs,

  vs.                                          Civ. No. 22-703  MIS/JFR

**THE McKINLEY COUNTY BOARD OF**
**COUNTY COMMISSIONERS, a political**
**Subdivision of the State of New Mexico;**
**McKINLEY COUNTY SHERIFF'S OFFICE,**
**RONALD SILVERSMITH; McKINLEY**
**COUNTY SHERIFF, Individually; DWAYNE**
**HOLDER, Individually; SHANE BENNETT,**
**Individually; and TERENCE WILLIE,**
**Individually,**

      Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the parties' *Joint Petition for Fairness Hearing and to Seal Related Proceedings and Documents*, filed August 30, 2024 (Doc. 119), the Order of Reference in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), filed September 3, 2024[1] (Doc. 120), and the Confidential Guardian ad Litem Report, filed on October 7, 2024 (Doc. 124).

---

[1] By an Order of Reference filed September 3, 2024, the presiding judge referred this motion to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the motion. Doc. 120.

On October 8, 2024, the Court held a fairness hearing on the record *via* Zoom. *See* Liberty Court Recorder – 20241008_JFR_22cv703_ABQ-Zoom-SEALED. Attorney Eric Dixon appeared on behalf of Plaintiffs Chamblee Labell Garces-Wigfall, as Mother and Next Friend of her Two Minor Children Raheem King Garces and Ro'Mivah Lee Carroll; Coretha Davenport; Beverly Carroll; Ashley Carroll; and Jerry Carroll. Attorney Nicholas Thomas Hart appeared on behalf of Plaintiff Feliz Rael as Personal Representative of the Estate of Lee Carroll. Attorney David Anthony Roman appeared on behalf of Defendants McKinley County Board of County Commissioners, Ronald Silversmith, Dwayne Holder, Shane Bennett, and Terrence Willie. Attorney Rachel Higgins appeared as Guardian ad Litem. Others present included Chamblee Labell Garces-Wigfall, the mother of minor children 1 and 2; Angela Carroll, the mother of the minor child 3; and Feliz Rael, Personal Representative of the Estate of Robert Lee Carroll.

For the reasons discussed herein, the Court finds that the settlement entered into by the parties is fair, reasonable, and in the minor children's best interest, and recommends it be approved and confirmed by the Court.

"A trial court in an action involving minor children has a special obligation to see that they are properly represented, not only by their own representatives, but also by the court itself." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 664 P.2d 1000, 1006 (citations omitted), *overruled on other grounds by Montoya v. AKAL Sec., Inc.,* 1992-NMCSC-56, ¶ 12, 838 P.2d 971, 974. "It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in [the] best interests of the children." *Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 12, 948 P.2d 707, 712. "In passing upon settlements dealing

with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child." *Garcia*, 664 P.2d at 1006. "[W]hen a settlement involving minors is presented to a court for approval and the information before the court indicates that the settlement is not fair to the minor, the court must reject the settlement." *Shelton v. Sloan*, 1999-NMCA-048, ¶ 42, 977 P.2d 1012, 1020.

In reviewing the fairness of the settlement entered into by the parties herein, the Court has been guided by the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Ball v. DATS Trucking, Inc.,* Civ. No. 11-94 JB/WPL, Doc. 61 at 4 (D.N.M. filed Dec. 11, 2012) (citing *Jones v. Nuclear Pharm., Inc.,* 741 F.2d 332, 324 (10th Cir. 1984)) (hereinafter, the "*Jones* factors").

Here, the undersigned acted as the referral judge in this matter and is familiar with all the documents filed in this case. I served as a settlement facilitator and presided over a settlement conference. In preparation for that conference, I reviewed the parties' settlement communications to each other and the Court, and I conducted separate caucus calls with counsel during which we discussed the strengths and weaknesses of their respective claims and defenses. During the settlement conference, I met privately with the parties and engaged in confidential communications. In preparation for the fairness hearing, I reviewed the report of the Guardian ad Litem for the minor children. The report of the Guardian ad Litem is thorough, detailed, and comprehensive in describing the steps the Guardian ad Litem took and the documents she reviewed in investigating the settlement's fairness and making her report to the Court.

Additionally, the Guardian ad Litem's Report specifically addresses each of the *Jones* factors identified above. I also have considered the fairness hearing presentations of the parties' attorneys, the Guardian ad Litem, the sworn testimony of Chamblee Labell Garces-Wigfall, as the mother of the minor children 1 and 2, and the sworn testimony of Angela Carroll, as the mother of minor child 3.

The Court, being fully advised in the premises and as set forth on the record at the fairness hearing, hereby FINDS as follows:

1. The Court has jurisdiction over the parties and subject matter herein.

2. All Plaintiffs have agreed to and signed the settlement agreement entered into by the parties and understand that the settlement resolves all claims brought by any and all Plaintiffs against Defendants.

3. Chamblee Labell Garces-Wigfall, as the mother of the minor children 1 and 2, fully understands the terms of the settlement and the proposed distribution of funds as it relates to minor children 1 and 2.

4. Angela Carroll, as the mother of minor child 3, fully understands the terms of the settlement and the proposed distribution of funds as it relates to minor child 3.

5. Feliz Rael, as Personal Representative of the Estate of Robert Lee Carroll, fully understands the terms of the settlement and proposed distribution of funds as it relates to the minor children.

6. The settlement entered into by the parties is fair, reasonable, and in the minor children's best interest, and should be approved and confirmed by the Court.

7. With respect to the *Jones* factors, the Court specifically finds that: (1) the settlement herein was negotiated honestly and fairly; (b) serious questions of law and fact place

the ultimate outcome of the litigation in doubt; (c) the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation; and (d) the settlement is fair and reasonable in the judgment of the parties and in its effect in light of the minor children's own claims, the damages in the case, Defendants' defenses, the burdens of ongoing litigation, and the unpredictability of a trial.

      8.      The Court finds that the attorney's fees and distribution of settlement funds proposed in the Guardian ad Litem's Report are in all respects fair, proper, reasonable, and in the best interest of the minor children.[2]

      9.      The use and conservation of the minors' settlement funds as proposed by the Guardian ad Litem is an essential condition of this Court's findings regarding the recommended approval of the settlement. The Court finds the Guardian ad Litem's recommendation is fair, proper, reasonable, and in the best interest of the minor children, in light of their age at the time of this settlement approval.

      The Court, therefore, recommends as follows:

      1.      That the parties' settlement involving the minor children entered into by the parties be APPROVED.

      2.      That the payment of attorneys' fees for work performed in this matter satisfies the requirements of New Mexico law as set forth *in Rio Grande Sun v. Jemez Mountains Public School District,* 2012-NMCA-091 and is otherwise fair and reasonable.[3]

---

[2] The Guardian ad Litem Report sets forth and discusses the factors to be considered when determining the reasonableness of an attorney's fee. Doc. 124 at 11-12. The Court agrees with the Guardian ad Litem's findings and recommendation.

[3] *Id.*

      3.      That the settlement funds obtained for the minor children be conserved and protected as proposed by the Guardian ad Litem.

      4.      That Rachel Higgins, as the Court-appointed Guardian ad Litem for the minor children has acted as an arm and friend of the Court pursuant to *Collins v. Tabet,* 1991-NMSC-013. 111 N.M. 391, 806 P.2d 40 and is hereby released from her duties.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**